1

2

3

4

**UNITED STATES DISTRICT COURT**

5

**EASTERN DISTRICT OF CALIFORNIA**

6

7

**MEGAN D. ERASMUS,**

**CASE NO. 1:21-cv-01236-AWI-SAB**

8

**Plaintiff,**

9

**v.**

**ORDER ON DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT**

10

**RYAN A. DUNLOP, D.M.D., INC., a California Professional Corporation, dba Better Life Center for Implant and General Dentistry,**

11

12

(Doc. Nos. 13)

13

**Defendant**

14

15

16

Plaintiff Megan D. Erasmus filed a Complaint against Defendant Ryan A. Dunlop, D.M.D.,

17

Inc., asserting causes of action under the Americans with Disabilities Act ("ADA") and California's

18

Unruh Civil Rights Act.  Doc. No. 1.  Pending before the Court is Defendant's Motion to Dismiss

19

Plaintiff's Complaint.  Doc. No. 13.  For the reasons discussed below, the Court will grant in part and

20

deny in part Defendant's Motion.

21

**BACKGROUND[1]**

22

Plaintiff is a California resident who is completely deaf and therefore relies entirely on

23

closed captioning to consume audio content such as movies, videos, or tutorials.  Doc. No. 1, ¶ 1.

24

Defendant is a professional corporation that owns or operates Better Life Center for Implant and

25

General Dentistry (BLCIGD) located in Fresno County, California.  Id. at ¶ 2.  In July 2021,

26

Defendant owned and operated BLCIGD's Website, https://www.betterlifedentistry.com/.  Id. at ¶

27

4.  Defendant currently owns the Website.  Id. at ¶ 5.  Plaintiff alleges the Website is a nexus

28

---

[1] This section summarizes allegations set forth in the Complaint. See Doc. No. 1.

1    between Defendant's customers and the privileges, goods, or services offered by Defendant.  Id. at

2    ¶ 13.  Additionally, Plaintiff alleges Defendant offers videos on the Website "to induce customers

3    to purchase its goods or services."  Id. at ¶ 14.

4         Plaintiff visited the Website in July 2021 as a prospective customer looking for

5    information about Defendant's services.  Id. at ¶¶ 15, 16.  Plaintiff discovered the video content on

6    the Website lacked closed captioning which made her "unable to fully understand and consume

7    the video contents."  Id. at ¶ 17.  Plaintiff allegedly experienced difficulty and discomfort in

8    attempting to view the video "Smile Restoration in Fresno" and, consequently, was "deterred from

9    further use of the Website."  Id. at ¶ 18.  Plaintiff alleges that despite her multiple attempts to

10   access the Website on her mobile device, she was "denied the full use and enjoyment of the

11   facilities, goods and services offered by Defendant[] as a result of the accessibility barriers."  Id. at

12   ¶ 20.  Further, Plaintiff alleges she "is a tester in this litigation and seeks future compliance with

13   all federal and state laws . . . [and she] will return to the Website to avail herself of its goods

14   and/or services and to determine compliance with the disability access laws once it is represented

15   to her that [Defendant] and [the] Website are accessible."  Id. at ¶ 26.

16        On August 15, 2021, Plaintiff filed her Complaint seeking damages, declaratory relief,

17   injunctive relief, and attorney fees under the ADA and California's Unruh Civil Rights Act.  Doc. No.

18   1.  Defendant thereafter filed its Motion to Dismiss the Complaint for lack of subject matter

19   jurisdiction under Fed. R. Civ. Pro. 12(b)(1) and for failure to state a claim under Fed. R. Civ. Pro.

20   12(b)(6).  Doc. No. 13.

21                          **LEGAL STANDARDS**

22   **A.  Rule 12(b)(1)**

23        A motion under Rule 12(b)(1) challenges a federal court's jurisdiction to decide claims

24   alleged in the complaint.  Fed. R. Civ. P. 12(b)(1); see also Fed. R. Civ. P. 12(h)(3) ("If the court

25   determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the

26   action.").  A court considering a motion to dismiss for lack of subject matter jurisdiction is not

27   restricted to the face of the complaint and may review evidence of those facts to resolve factual

28   disputes where necessary.  Young v. United States, 769 F.3d 1047, 1052 (9th Cir. 2014).  "Once

2

1 challenged, the party asserting subject matter jurisdiction has the burden of proving its existence."

2 Miller v. Wright, 705 F.3d 919, 923 (9th Cir. 2013) (citing Robinson v. United States, 586 F.3d

3 683, 685 (9th Cir. 2009)).

4       The Court lacks subject matter jurisdiction and the case must be dismissed if the plaintiff

5 lacks standing under Article III of the United States Constitution.  City of Oakland v. Lynch, 798

6 F.3d 1159, 1163 (9th Cir. 2015).  To satisfy Article III standing, a plaintiff must allege: (1) an

7 injury-in-fact that is concrete and particularized, as well as actual or imminent, not conjectural or

8 hypothetical; (2) that is fairly traceable to the challenged action of the defendant; and (3) that is

9 redressable by a favorable judicial decision.  Spokeo, Inc. v. Robins, 578 U.S. 330, 338 (2016);

10 SmileDirectClub, Ltd. Liab. Co. v. Tippins, 31 F.4th 1110, 1117 (9th Cir. 2022).  The plaintiff

11 bears the burden of proof and must "clearly . . . allege facts demonstrating each element."  Spokeo,

12 Inc., 578 U.S. at 338 (quoting Warth v. Seldin, 422 U.S. 490, 518 (1975)).  To determine whether

13 the plaintiff met her burden for each element of standing at the pleading stage, the Court must

14 accept as true all material allegations of the complaint, and must construe the complaint in favor of

15 the complaining party.  Confederated Tribes & Bands of the Yakama Nation v. Yakima Cty., 963

16 F.3d 982, 989 (9th Cir. 2020).

17     **B.  Rule 12(b)(6)**

18       Under Rule 12(b)(6), a cause of action may be dismissed where a plaintiff fails "to state a

19 claim upon which relief can be granted."  Fed. R. Civ. P. 12(b)(6).  Dismissal under Rule 12(b)(6)

20 may be based on the lack of a cognizable legal theory or on the absence of sufficient facts alleged

21 under a cognizable legal theory.  Godecke ex rel. United States v. Kinetic Concepts, Inc., 937 F.3d

22 1201, 1208 (9th Cir. 2019) (citing Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir.

23 1990)).  To survive a Rule 12(b)(6) motion for failure to allege sufficient facts, a complaint must

24 include a "short and plain statement of the claim showing that the pleader is entitled to relief."

25 Fed. R. Civ. P. 8(a)(2).  Compliance with this rule ensures that the defendant has "fair notice" of

26 the claims against it.  Williams v. Yamaha Motor Co., 851 F.3d 1015, 1025 (9th Cir. 2017) (citing

27 Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)).  Under this standard, a complaint must

28 contain sufficient factual matter to "state a claim to relief that is plausible on its face."  Irving

1   Firemen's Relief & Ret. Fund v. Uber Techs., Inc., 998 F.3d 397, 403 (9th Cir. 2021) (quoting

2   Twombly, 550 U.S. at 570).  A claim has facial plausibility when the plaintiff pleads factual

3   content that allows the court to draw the reasonable inference that the defendant is liable for the

4   alleged misconduct.  Id. (citing Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)).

5          In reviewing a complaint under Rule 12(b)(6), all allegations of material fact are taken as

6   true and construed in the light most favorable to the nonmoving party.  Benavidez v. Cty. of San

7   Diego, 993 F.3d 1134, 1144 (9th Cir. 2021).  But the Court is "not 'required to accept as true

8   allegations that contradict exhibits attached to the Complaint or matters properly subject to judicial

9   notice, or allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable

10  inferences.'"  Seven Arts Filmed Entm't, Ltd. v. Content Media Corp. PLC, 733 F.3d 1251, 1254

11  (9th Cir. 2013) (quoted source omitted).  Complaints that offer no more than "labels and

12  conclusions" or "a formulaic recitation of the elements of a cause of action will not do."

13  Benavidez, 993 F.3d at 1145 (citing Iqbal, 556 U.S. at 678).  Rather, "[f]or a complaint to survive

14  a motion to dismiss, the non-conclusory 'factual content,' and reasonable inferences from that

15  content, must be plausibly suggestive of a claim entitling the plaintiff to relief."  Hernandez v.

16  City of San Jose, 897 F.3d 1125, 1132 (9th Cir. 2018) (citing Iqbal, 556 U.S. at 678).

17         If a motion to dismiss is granted, a "district court should grant leave to amend even if no

18  request to amend the pleading was made, unless it determines that the pleading could not possibly

19  be cured by the allegation of other facts."  Perez v. Mortg. Elec. Registration Sys., 959 F.3d 334,

20  340 (9th Cir. 2020) (citing Lopez v. Smith, 203 F.3d 1122, 1127 (9th Cir. 2000)).

## DISCUSSION

**A.  Motion to Dismiss**

23         Defendant argues that the Complaint should be dismissed on several grounds, including (1)

24  Plaintiff's ADA cause of action is moot because the Website's video now has closed captioning;

25  (2) Plaintiff lacks standing because the Complaint fails to allege an injury in fact arising from

26  Plaintiff's visit to the Website; and (3) the court should decline to exercise supplemental

27  jurisdiction over Plaintiff's Unruh Act claim. The Court will address each basis for dismissal

28  below in turn.

4

1        **1. Mootness**

2        *Defendant's Arguments*

3        Defendant argues that Plaintiff's ADA claim is moot because Defendant's Website had

4 only one video and it now has closed captioning.  Therefore, Defendant asserts that any alleged

5 claim that the Website lacked closed captioning has been remedied.  Defendant further opines that

6 there is no reasonable expectation that the alleged violation will recur.

7        *Plaintiff's Arguments*

8        Plaintiff contends that Defendant's voluntary cessation of its challenged practice does not

9 moot Plaintiff's ADA claim.  According to Plaintiff, Defendant failed to satisfy its "heavy burden"

10 of proving that the Website's lack of closed captioning cannot reasonably be expected to recur.

11 Plaintiff further argues that Defendant failed to offer any evidence that it will ensure that the

12 website will be compliant moving forward.

13        *Legal Standard*

14        Article III of the Constitution limits federal subject matter jurisdiction to "cases" and

15 "controversies."  U.S. Const. Art. III.  "A case is moot when the issues presented are no longer

16 'live' or the parties lack a legally cognizable interest in the outcome."  City of Erie v. Pap's A.M.,

17 529 U.S. 277, 287 (2000); see also Knox v. SEIU, Local 1000, 567 U.S. 298, 307 (2012) ("A case

18 becomes moot only when it is impossible for a court to grant 'any effectual relief whatever' to the

19 prevailing party.").  However, "[a] defendant's voluntary cessation of allegedly unlawful conduct

20 ordinarily does not suffice to moot a case."  Friends of the Earth, Inc. v. Laidlaw Envtl. Servs.

21 (TOC), Inc., 528 U.S. 167, 174 (2000).  A defendant claiming that its voluntary compliance moots

22 a case bears the "formidable burden of showing that it is absolutely clear the allegedly wrongful

23 behavior could not reasonably be expected to recur."  Id. at 190 (citing United States v.

24 Concentrated Phosphate Exp. Ass'n, 393 U.S. 199, 203 (1968)).

25        In the ADA context, "a defendant's voluntary removal of alleged barriers prior to trial can

26 have the effect of mooting a plaintiff's ADA claim."  Oliver v. Ralphs Grocery Co., 654 F.3d 903,

27 905 (9th Cir. 2011); see also Hubbard v. 7-Eleven, Inc., 433 F. Supp. 2d 1134, 1145 (S.D. Cal.

28 2006).  However, courts have carved out an exception to mootness for acts that are "capable of

5

1    repetition, yet evading review." Friends of the Earth, 528 U.S. at 190.  Nonstructural barriers such

2    as a policy change that "could be easily abandoned or altered in the future" may not be "the kind

3    of permanent change that proves voluntary cessation." Bell v. City of Boise, 709 F.3d 890, 901

4    (9th Cir. 2013); see also Langer v. Pep Boys Manny Moe & Jack of Cal., 2021 U.S. Dist. LEXIS

5    8680, *9-*10 (N.D. Cal. Jan. 15, 2021) (collecting cases in which courts were reluctant to find that

6    an ADA plaintiff's claims were mooted because the alleged barriers were not structural in nature).

7           *Discussion*

8           Although Defendant allegedly modified the Website to be ADA complaint, it is not

9    "absolutely clear the [Website's lack of closed captioning] could not reasonably be expected to

10   recur." Friends of the Earth, 528 U.S. at 190; see also National Fed'n of the Blind v. Target Corp.,

11   582 F. Supp. 2d 1185, 1193 (N.D. Cal. 2007) ("[T]he continuous addition of new pages to

12   Target.com argues against a mootness finding," as "[a]side from the incompleteness of the

13   modifications and the potential for new pages, it is well-settled law that voluntary cessation of

14   allegedly illegal conduct . . . does not make the case moot."); Johnson v. SSR Grp., Inc., 2016 U.S.

15   Dist. LEXIS 89648, *12 (N.D. Cal. July 11, 2016) ("While laudable, these voluntary remediation

16   efforts are not structural in nature, and could easily reoccur despite [d]efendant's best intentions").

17   Aside from conclusory allegations that the Website's lack of closed captioning will not recur,

18   Defendant has not presented sufficient evidence that its voluntary cessation of the challenged

19   conduct suffices to moot this case.  See Erasmus v. Andrea Tse M.D., Inc., 2022 U.S. Dist. LEXIS

20   107569, at *14 (finding plaintiff's ADA claim was not moot despite defendant's voluntary

21   cessation in a nearly identical action filed by the same Plaintiff and Plaintiff's counsel as the

22   instant action).  Therefore, the Court denies Defendant's motion to dismiss with respect to its

23   mootness claim.

24          **2.  Standing**

25          *Defendant's Arguments*

26          Defendant argues that the Complaint fails to establish standing because it does not

27   demonstrate that Plaintiff suffered any actual injury by not being able to receive oral surgery or

28   other dental services at Defendant's office.  According to Defendant, oral surgery services are not

1   sold through the Website because such services come only after a personal consultation and

2   examination of the patient in Defendant's physical location.  The Website, Defendant opines, is

3   nothing more than an electronic billboard that describes the provider and the type of oral surgeries

4   and dental services that Defendant performs.  Thus, Defendant contends that the Complaint should

5   be dismissed because it does not allege any facts that connect the Website with the services

6   provided by Defendant at a fixed location.

7        *Plaintiff's Arguments*

8        Plaintiff argues that she suffered actual injuries in that the Website's lack of closed

9   captioning made her unable to fully understand and consume the contents of its videos.  This

10  allegedly caused Plaintiff to experience difficulty and discomfort in attempting to view the video

11  and, consequently, she could not understand its content and was deterred from further use of the

12  Website.  Plaintiff also argues that the Complaint sufficiently alleges that the Website is a nexus

13  between Defendant's customers and the terrestrial based privileges and services offered by

14  Defendant's facilities.  According to Plaintiff, the Website is not a standalone website that

15  operates only in cyberspace because the Website offers information about the various treatments

16  offered at Defendant's physical place of accommodation.  Plaintiff further argues that whether

17  persons can directly purchase goods or services via the Website is inapposite under Ninth Circuit

18  case law.

19       *Legal Standard*

20       Title III of the ADA provides that "[n]o individual shall be discriminated against on the

21  basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges,

22  advantages, or accommodations of any place of public accommodation."  42 U.S.C. § 12182(a).

23  Discrimination by a "place of public accommodation" under the ADA includes, inter alia, "a

24  failure to take such steps as may be necessary to ensure that no individual with a disability is

25  excluded, denied services, segregated or otherwise treated differently than other individuals

26  because of the absence of auxiliary aids and services," unless such steps "would fundamentally

27  alter" the nature of the goods, services, or privileges being offered or "would result in an undue

28  burden."  42 U.S.C. § 12182(b)(2)(A)(iii).

1    To establish standing for injunctive relief, which is the only remedy available under the

2  ADA, the plaintiff must demonstrate "a sufficient likelihood that he will again be wronged in a

3  similar way . . . [t]hat is, he must establish a real and immediate threat of repeated injury."

4  Fortyune v. American Multi-Cinema, Inc., 364 F.3d 1075, 1081 (9th Cir. 2004) (quoting City of

5  Los Angeles v. Lyons, 461 U.S. 95, 111 (1983)).  An ADA plaintiff may satisfy this requirement

6  "either by demonstrating deterrence, or by demonstrating injury-in-fact coupled with an intent to

7  return to a noncompliant facility."  Chapman v. Pier 1 Imports (U.S.) Inc., 631 F.3d 939, 944 (9th

8  Cir. 2011).

9    An ADA injury-in-fact arises when accessibility barriers deter the plaintiff from returning

10 to a facility or they otherwise interfere with the plaintiff's "full and equal enjoyment" of the

11 facility.  Id. at 947.  The places of public accommodation must be "actual, physical places where

12 goods or services are open to the public, and places where the public gets those goods or services,"

13 or, there must at least be "some connection between the good or service complained of and an

14 actual physical place[.]"  Weyer v. Twentieth Century Fox Film Corp., 198 F.3d 1104, 1114 (9th

15 Cir. 2000).  Where the alleged accessibility barrier is on a website, the plaintiff must plead a

16 sufficient "nexus" between the website and a physical place of public accommodation.  Robles v.

17 Domino's Pizza, LLC, 913 F.3d 898, 905 (9th Cir. 2019); see also National Fed'n of the Blind,

18 452 F. Supp. 2d at 952 ("[C]ourts have held that a plaintiff must allege that there is a 'nexus'

19 between the challenged service and the place of public accommodation.").  On their own, websites

20 are not places of public accommodation.  See Weyer, 198 F.3d at 1114; Cullen v. Netflix, Inc.,

21 880 F. Supp. 2d 1017, 1023-24 (N.D. Cal. 2012) ("The Netflix website is not 'an actual physical

22 place' and therefore, under Ninth Circuit law, is not a place of public accommodation."); Young v.

23 Facebook, Inc., 790 F. Supp. 2d 1110, 1115 (N.D. Cal. 2011) ("Facebook operates only in

24 cyberspace, and [] thus is not a 'place of public accommodation' as construed by the Ninth

25 Circuit.").

26 //

27 //

28 //

8

1      *Discussion*

2          Upon review, the Court finds that the Complaint fails to establish standing because it does

3   not sufficiently allege a nexus between the Website and Defendant's physical office.  Robles, 913

4   F.3d at 905; Weyer, 198 F.3d at 1114.

5          In *Robles*, the Ninth Circuit held that the ADA applied to the defendant's website because

6   it connected customers to the goods and services provided by the defendant's places of public

7   accommodation.  Robles, 913 F.3d at 905-06.  The defendant's website specifically allowed

8   customers to locate and order food from physical locations for either delivery or in-store pickup.

9   Id. at 902.  The Ninth Circuit found that these features made the website sufficiently connected

10  with physical stores and fall within the protection of the ADA.  Id. at 905.  However, the Ninth

11  Circuit did not state whether these features are always needed for a website to establish such a

12  nexus.  The Ninth Circuit explicitly stated "[w]e need not decide whether the ADA covers the

13  websites or apps of a physical place of public accommodation where their inaccessibility does not

14  impede access to the goods and services of a physical location."  Id. at 905 n.6.

15         Despite the Ninth Circuit's silence on this issue, numerous California district courts have

16  found no nexus where the complaint failed to plead that web-based barriers impeded the plaintiff

17  from accessing or ordering goods or services from a physical location.  See Downing v.

18  SBE/Katsuya USA, LLC, 2022 U.S. Dist. LEXIS 63584, *7-8 (C.D. Cal. Apr. 5, 2022) (finding

19  no nexus because Plaintiff "does not allege that she attempted to place any such order" on

20  defendant's website or that she "sought specific goods from any particular [defendant's]

21  location"); Brooks v. Lola & Soto Bus. Grp., Inc., 2022 U.S. Dist. LEXIS 37246, *16-17 (E.D.

22  Cal. Mar. 1, 2022) (finding no nexus because plaintiff "does not allege she tried to order clothes

23  from the Website for pickup at Defendant's shop but was unable to do so" or that the website was

24  interconnected with "Defendant's physical store comparable to that encountered in *Robles*");

25  Langer v. Carvana, 2021 U.S. Dist. LEXIS 188764, *8 (C.D. Cal. Aug. 24, 2021) (finding no

26  nexus because plaintiff "has not pleaded that he was prevented from accessing any physical

27  location or from ordering any products and/or services as a result of the alleged barriers on

28  [defendant's] Website"); Brooks v. See's Candies, Inc., 2021 U.S. Dist. LEXIS 153158, *9 (E.D.

1  Cal. Aug. 12, 2021) (finding no nexus because plaintiff "does not allege she tried to order candy

2  from the website for pickup at [defendant's] shop but was unable to do so" or that the website was

3  integrated with defendant's "physical store comparable to that encountered in *Robles*"); Langer v.

4  Pep Boys Manny Moe & Jack of Cal., 2021 U.S. Dist. LEXIS 8680, *17-18 (N.D. Cal. Jan. 15,

5  2021) (finding no nexus because the complaint "does not allege that [plaintiff] intended to visit

6  [defendant's] location and could not because the website was inaccessible" or that "he was trying

7  to use the website to order goods or services from [defendant's] physical location").  While this

8  appears to be the majority position among district courts in California, a minority of courts have

9  held the opposite, that is, ADA plaintiffs are not required to allege that the website prevented them

10 from physically accessing the defendant's goods or services.  See Erasmus v. Perry, 2021 U.S.

11 Dist. LEXIS 184460, *7 (E.D. Cal. Sep. 24, 2021) ("[T]o the extent that the decisions of other

12 district courts in the Ninth Circuit [including *Brooks* and *Pep Boys Manny Moe & Jack of Cal.*]

13 may be read to suggest that such a requirement nonetheless exists, this court disagrees."); Erasmus

14 v. Andrea Tse M.D., Inc., 2022 U.S. Dist. LEXIS 107569, *18 (E.D. Cal. June 15, 2022). After

15 considering these cases, the Court agrees with the majority approach which appears to be more

16 consistent with *Robles*.  Therefore, the Court will respectfully decline to follow *Perry* and *Andres*

17 *Tse M.D.*

18      Applying the majority approach in this case, the Court finds that the Complaint does not

19 sufficiently state an ADA claim because it does not allege that web-based barriers impeded

20 Plaintiff from accessing or ordering goods or services from Defendant's office.  The Complaint

21 alleges that Plaintiff "visited the Website in July 2021 as she wanted to learn more about their

22 services." Doc. No. 1, ¶ 16.  It also alleges that "despite multiple attempts to access the Website

23 using Plaintiff's mobile device, Plaintiff was denied the full use and enjoyment of the facilities,

24 goods and services offered by Defendants" and was "deterred from further use of the Website."

25 Id., ¶¶ 18, 20.  The Complaint further states that "Plaintiff will return to the Website to avail

26 herself of its goods and/or services" once it is "represented to her that [Defendant] and the Website

27 are accessible."  Id., ¶ 26.  However, the Complaint does not allege that Plaintiff tried to order

28 dental services from Defendant's physical office but was unable to do so. Neither does the

10

1  Complaint allege that the Website prevented Plaintiff from setting up a personal consultation at

2  Defendant's physical office which, according to Defendant, is a prerequisite to obtaining any of

3  Defendant's services.  Doc. No. 13 at 6.[2]  Furthermore, the Complaint does not allege that Plaintiff

4  intended to visit Defendant's office and could not because the Website was inaccessible.  Because

5  the majority of California district courts agree that a nexus requires web-based barriers to impede

6  the plaintiff from accessing or ordering goods or services from a physical location, the

7  Complaint's allegations that Plaintiff had difficulty watching a video on Defendant's website is

8  not sufficient to allege injury under the ADA.  See Downing, 2022 U.S. Dist. LEXIS 63584, at *7-

9  8; Lola & Soto Bus. Grp., Inc., 2022 U.S. Dist. LEXIS 37246, at *16-17; Carvana, 2021 U.S. Dist.

10  LEXIS 188764, at *8; See's Candies, 2021 U.S. Dist. LEXIS 153158, at *9; Pep Boys Manny

11  Moe & Jack of Cal., 2021 U.S. Dist. LEXIS 8680, at *17-18.  Therefore, the Court will dismiss

12  Plaintiff's ADA claim with leave to amend.

13          **3.  Unruh Act**

14          *Parties' Arguments*

15          Defendant argues that the Court has original jurisdiction over Plaintiff's ADA claim only,

16  and that if the ADA claim is dismissed, the Court should decline to exercise supplemental

17  jurisdiction over the Complaint's remaining California Unruh Act claim.  In response, Plaintiff

18  asserts that even if the Court dismisses her ADA claim, the Court should retain supplemental

19  jurisdiction over her Unruh Act claim because courts routinely do so even after the ADA claim is

20  dismissed.

21          *Discussion*

22          A plaintiff can recover under the Unruh Act on grounds that: (1) a violation of the ADA

23  occurred under California Civil Code § 51(f); or (2) that she was denied access to a business

24  establishment due to intentional discrimination in violation of California Civil Code § 52.  See

25  Munson v. Del Taco, Inc., 46 Cal. 4th 661, 670 (2009).  Here, as discussed above, the Complaint

26  does not sufficiently allege an ADA violation.  Because the ADA claim is the only claim over

27

28  [2] The Court notes that neither the Complaint nor the opposition challenge the assertion that the relevant services could not be purchased online by any consumer.

11

1    which Plaintiff asserts the Court has original jurisdiction, the Court will dismiss Plaintiff's Unruh

2    Act claim as well.[3]  See Scott v. Pasadena Unified Sch. Dist., 306 F.3d 646, 664 (9th Cir. 2002)

3    (holding that where a court dismisses a federal claim for lack of standing, the court "ha[s] no

4    discretion to retain supplemental jurisdiction over [plaintiff's] state law claims"); Herman Family

5    Revocable Tr. v. Teddy Bear, 254 F.3d 802, 806 (9th Cir. 2001) ("If the district court dismisses all

6    federal claims on the merits, it has discretion under § 1367(c) to adjudicate the remaining claims;

7    if the court dismisses for lack of subject matter jurisdiction, it has no discretion and must dismiss

8    all claims.").  The general rule is "when federal claims are dismissed before trial . . . pendent state

9    claims should also be dismissed." Religious Tech. Ctr. v. Wollersheim, 971 F.2d 364, 367-68 (9th

10   Cir. 1992).

11                                              **ORDER**

12       Accordingly, IT IS HEREBY ORDERED that:

13   1.  Defendant's motion to dismiss the Complaint (Doc. No. 13) is GRANTED in part and

14       DENIED in part as discussed above.

15   2.  Plaintiff may file an amended complaint that is consistent with this order no later than

16       twenty-one (21) days from service of this order;

17   3.  If Plaintiff files an amended complaint, Defendants shall file a response within twenty-one

18       (21) days of service of the amended complaint; and

19   4.  The failure of Plaintiff to file a timely amended complaint will result in the withdrawal of

20       leave to amend and the closure of this case without further notice.

21

22   IT IS SO ORDERED.

23   Dated:   July 18, 2022                    _____
                                               SENIOR  DISTRICT  JUDGE

24

25

26

27

28   ---
     [3] Because the Court dismissed Plaintiff's ADA claim with leave to amend, Plaintiff may reallege her Unruh Act claim in any amended complaint.

                                                   12